IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOUSH HATCHER JR., | |
| Petitioner, | 8:24CV64 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on Petitioner Joush Hatcher Jr.'s ("Hatcher") Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254, Filing No. 1, and Motion for Appointment of Counsel, Filing No. 7. Upon preliminary review, the Court will dismiss Hatcher's petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals and will deny his Motion for Appointment of Counsel.

## I. BACKGROUND

As alleged in his petition, Hatcher is serving a life sentence pursuant to a 1977 plea-based conviction for first degree murder in the Douglas County District Court. Filing No. 1 at 1. The Court sets out the following helpful background from the Eighth Circuit Court of Appeals' opinion in Hatcher's appeal of his previous federal habeas petition:

> In 1978, Hatcher pleaded guilty to first-degree murder and was sentenced to life imprisonment. He did not file a direct appeal. In 1986, he filed a pro se state post-conviction motion, alleging that he was entitled to relief because of the ineffective assistance of trial counsel and "failure of the proof." The motion was denied by the state trial court, and the appeal to the

Nebraska Supreme Court was later dismissed because Hatcher did not file an appellate brief. In June 1997, Hatcher filed a second pro se state post-conviction motion that raised the same issues as the first motion. This motion was also denied, and the denial was affirmed by the Nebraska Supreme Court, which held that Hatcher's failure to file an appellate brief in the first post-conviction proceeding procedurally barred his second post-conviction motion.

Hatcher filed a petition for writ of habeas corpus in the District Court on October 16, 1997. The court denied the petition on the ground that Hatcher had not exhausted all available state remedies. Hatcher filed a second habeas petition in the District Court in July 1999 and filed an amended petition in October 1999. The District Court accepted the Magistrate Judge's Report and Recommendation, and found that Hatcher's claims were procedurally defaulted in the state courts and were thus unreviewable in a § 2254 petition. *Hatcher v. Hopkins*, No. 4:99CV3209 (D. Neb. June 6, 2000) (order dismissing habeas corpus petition). The court also held that Hatcher's default could not be excused because he did not show cause and prejudice for the default or actual innocence of the crime. *Id*. The court issued a certificate of appealability on the sole issue of whether it should have granted an evidentiary hearing wherein Hatcher could put forth evidence to support his claim of actual innocence. *Hatcher v. Hopkins*, 256 F.3d 761, 762 (8th Cir. 2001). The Eighth Circuit ultimately affirmed the denial of Hatcher's previous habeas petition finding that the petition was

2

untimely, Hatcher's claims were procedurally defaulted, and "the District Court did not err in denying Hatcher's request for an evidentiary hearing, as he did not . . . . allege facts underlying a claim of constitutional error that would show by clear and convincing evidence that, but for the error, no reasonable fact finder would have found him guilty of the underlying offense." *Id*. at 764 (citing 28 U.S.C. § 2254(e)(2)).

Hatcher filed his present habeas petition on February 20, 2024, and asserts a single claim of actual innocence, alleging:

> I did not premeditatedly kill the victim. I ran from a complete stranger, twice, he chased me with his gun, knocked me down, and I got his gun from him in the struggle. I shot him as he was on top of me, beating me with his fists. This was self-defense, and my acts were not in violation of the law I was convicted of breaking.

Filing No. 1 at 5 (emphasis omitted). Hatcher alleges he raised this claim in a motion for postconviction relief, which the Douglas County District Court denied and the Nebraska Supreme Court summarily affirmed on January 29, 2024. *Id*. at 6.

## II.  DISCUSSION

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

3

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id*. If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place," and the district court must dismiss the petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. See *Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

As the background provided above and this Court's records reflect, Hatcher unsuccessfully challenged his first-degree murder conviction in earlier habeas corpus

4

proceedings in this Court. *See Hatcher v. Hopkins*, No. 4:99-cv-03209-WKU (D. Neb. June 6, 2000) (dismissing habeas petition with prejudice). While Hatcher alleges a claim of actual innocence in his present petition, he does not present any *new* facts suggesting he is actually innocent of the crime for which he is convicted. Rather, he asserts the facts existing at the time of his conviction are insufficient to support his conviction for the crime of first-degree murder. Hatcher raised an actual innocence claim in his previous habeas corpus petition in this Court, *see Hatcher*, 256 F.3d at 762 (this Court granted certificate of appealability on issue of whether Court should have granted Hatcher an evidentiary hearing on actual innocence claim), and, thus, his present petition reasserting this claim is clearly successive.

Hatcher must first obtain permission from the Eighth Circuit Court of Appeals to file a second or successive habeas petition before he may assert any claim challenging the validity of his convictions and sentences. 28 U.S.C. § 2244(b)(2) & (3)(A). The Court's records do not reflect that Hatcher has received permission from the Eighth Circuit Court of Appeals to again attack this conviction. Thus, this Court is without jurisdiction to consider Hatcher's allegations, including those asserting his actual innocence. *Buckman v. Nebraska*, No. 4:14CV3014, 2014 WL 2117394, at *1 (D. Neb. May 21, 2014); *see also Pawliszko v. Dooley*, No. CV 15-3994 (ADM/JSM), 2015 WL 9312526, at *2 (D. Minn. Nov. 30, 2015), *report and recommendation adopted*, No. CV 15-3994 (ADM/JSM), 2015 WL 9294350 (D. Minn. Dec. 21, 2015) (habeas petitioner asserting actual innocence claims in successive petition not excused from pre-authorization requirement under 28 U.S.C. § 2244(b)(3)(A)). Accordingly, this matter must be dismissed. *Burton*, 549 U.S. at

152 (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

### III.  MOTION FOR APPOINTMENT OF COUNSEL

Hatcher also filed a Motion for Appointment of Counsel.  Filing No. 7.  "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court."  *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).  As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).  *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).  The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

### IV.  CERTIFICATE OF APPEALABILITY

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Hatcher has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. The habeas corpus petition, Filing No. 1, is dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals. No certificate of appealability has been or will be issued in this matter.

2. The Court will enter judgment by separate document.

3. Hatcher's Motion for Appointment of Counsel, Filing No. 7, is denied.

Dated this 30th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge